# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**LEVON BABAYAN,** *pro se,*

    **Plaintiff,**

v.                                                                  Case No.  8:10-cv-2908-T-30TGW

**RICHARD B. NUGENT and**
**GEORGE B. TURNER,**

    **Defendants.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendant Chief George B. Turner's Motion to Dismiss or in the Alternative, Motion for a More Definite Statement (Dkt. 4) and Defendant Sheriff Nugent's Motion to Dismiss and Motion for More Definite Statement (Dkt. 8).  Plaintiff, who is proceeding in this case *pro se*, appeared to file a response to Defendants' motions, however, the "response" is utterly incomprehensible (Dkt. 9).[1]  The Court, having reviewed the motions, and being otherwise advised in the premises, concludes that they should be granted to the extent that they request a more definite statement.

It appears that Plaintiff's claims against Defendants relate to an alleged false arrest. However, the complaint is mostly comprised of boilerplate language and narrative, or stream of consciousness thoughts, making it nearly impossible for Defendants to formulate an answer.  Indeed, it is unclear in what capacity Plaintiff is even seeking liability against

---

[1] The Court can only guess that the papers filed at Docket 9 purport to be Plaintiff's response to Defendants' motions.  The response begins with an article about "sudden death" and includes general job descriptions for a police chief and sheriff.

Defendants. And the allegations do not delineate which Defendant is alleged to have taken which actions.

Accordingly, the Court grants Defendants' motions, to the extent that they seek a more definite statement. Plaintiff must amend his complaint to state his claims against Defendants in short and plain numbered paragraphs, each limited as far as practicable to a single set of circumstances, and separate his theories of liability in separate counts. Plaintiff shall also state whether he is seeking liability against Defendants in their official or individual capacities and specifically identify which Defendant is alleged to have taken which actions.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Chief George B. Turner's Motion to Dismiss or in the Alternative, Motion for a More Definite Statement (Dkt. 4) and Defendant Sheriff Nugent's Motion to Dismiss and Motion for More Definite Statement (Dkt. 8) are hereby GRANTED as set forth herein.

2. Plaintiff shall file an amended complaint that more specifically identifies his claims against Defendants as set forth herein within fourteen (14) days from the date of this Order.

3. If Plaintiff fails to file an amended complaint within fourteen (14) days from the date of this Order, this case will be dismissed without prejudice.

**DONE** and **ORDERED** in Tampa, Florida on January 12, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2010\10-cv-2908.mtsdismiss4and8.frm